# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

No. 09-20747

Lyle W. Cayce
Clerk

MICHAEL WILLIAMS

Petitioner-Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(06-CV-1564)

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 2003, appellant Texas prisoner Michael Williams was released on parole after serving twenty-one years of a ninety-nine year sentence. His parole was revoked by the Texas Board of Pardons and Paroles (Parole Board) in 2004 after a woman claiming to be his daughter alleged that he assaulted

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her.[1]  At Williams's parole revocation hearing, he sought to call three witnesses who were incarcerated at the time – Ollen Nugent, Samuel Oakley, and George Henderson.  The Parole Board hearing officer refused to subpoena the three witnesses, and Williams pursued habeas relief in the state and federal courts on the theory that his revocation hearing did not comply with the due process requirements for parole revocation hearings articulated by the Supreme Court in *Morrissey v. Brewer*, 92 S.Ct. 2593 (1972).  In 2009, this court held that Williams was entitled to a new parole revocation hearing that was in full compliance with the requirements of *Morrissey* and remanded the case for further proceedings consistent with its opinion.  *Williams v. Quarterman*, 307 F. App'x 790, 794 (5th Cir. 2009).  The opinion focused on the hearing officer's failure to subpoena Nugent, Henderson, and Oakley.  *Id.* at 792-94.

Rather than having a new full revocation hearing, the Parole Board reopened Williams's prior hearing on March 12, 2009 at the correctional facility in Beaumont, Texas where he was incarcerated.  At the hearing, the Parole Board hearing officer attempted to subpoena Oakley, Henderson, and Nugent.  No evidence was presented against Williams, and he was not permitted to subpoena any other witnesses.  Only one witness testified at the hearing– Samuel Oakley.  George Henderson was no longer incarcerated and resided in Dallas at the time of the hearing.  He was served with a subpoena, but informed Williams's parole officer that he could not afford to travel to Beaumont and did not appear at the hearing.  Ollen Nugent reportedly died in November of 2005 while in prison.  After the hearing, the Parole Board

---

[1]  Williams had previously been criminally charged with that assault and had been acquitted.

again revoked Williams's parole.

Williams subsequently filed a motion to hold the respondent in contempt and a motion to enforce this court's order. Both motions were denied by the district court. This court construed Williams's motions as a request for habeas relief and granted a certificate of appealability on the issue of "whether the district court erred by holding that the Board conducted a new revocation hearing that fully complied with *Morrissey* in accordance with this court's remand order."

We review *de novo* the district court's interpretation of the scope of this court's remand order. *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). "[A] lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* at 321 (internal citations and quotation marks omitted). The final paragraph of our prior opinion states:

> "We conclude that on this record, Williams is entitled to a new parole revocation hearing that fully complies with *Morrissey*. This disposition makes it unnecessary for us to consider Williams's further complaints about the prior proceeding. In particular, we offer no opinion as to the truth or falsity of the allegations against Williams. We REVERSE the judgment of the district court, and REMAND for further proceedings consistent with this opinion."

The Parole Board's partial reopening of Williams's hearing does not comply with either the letter or the spirit of this court's mandate.

Additionally, according to Texas Department of Criminal Justice records, Williams's requested witness Ollen Nugent died in 2005. Williams's original parole revocation hearing took place in 2004, but this court did not rule on his prior habeas petition until 2009. Given that Nugent died in the interim period between the original hearing and this court's remand, the

Parole Board's interpretation of the mandate is illogical.  The court could not have intended that a partial re-hearing in which subpoenas were issued only for Nugent, Henderson, and Oakley could cure the *Morrissey* violations that took place in the prior hearing if one of the three witnesses was deceased and thus incapable of testifying.[2]

We hold that this court's mandate in its previous opinion was clear in granting Williams an entirely new parole revocation hearing and that the Texas Board of Pardons and Paroles did not comply by holding a partial hearing.  Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings affording Williams habeas relief unless the Texas Board of Pardons and Paroles provides a new, full parole revocation hearing for Williams that fully complies with *Morrissey*.

---

[2]  Similarly, we plainly assumed that there was at least a possibility that the matter giving rise to Williams's "further complaints" might not be repeated.